# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| CYRILLE N. KOUAMBO BECKODRO, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE 1, et al., <br><br> Defendants. | 4:24-cv-199 |

### ORDER

Presently before the Court are Plaintiff's Motion to File Late Objections and his Objections to the Magistrate Judge's Report and Recommendation. Dkt. Nos. 9, 10. Plaintiff states that, acting in good faith, he inadvertently mailed objections to the incorrect Court address. The Court **GRANTS** Plaintiff's Motion, dkt. no. 9, and considers his Objections to the Report and Recommendation.[1]

The Magistrate Judge recommended the Court dismiss all of Plaintiff's claims. Specifically, the Magistrate Judge concluded that Plaintiff failed to state a plausible claim for relief on his civil rights claims. Dkt. No. 6 at 6. The Magistrate Judge

---

[1] After filing his Objections, Plaintiff also filed a Motion for Reconsideration of the Court's Order for dismissal and a Motion for Reconsideration of the Court's Denial of *in Forma Pauperis* Status. Dkt. Nos. 11, 12. Because the Court has granted Plaintiff's Motion to File Late Objections and, ultimately, overrules those Objections, Plaintiff's Motions are **DENIED as moot**.

concluded that Plaintiff's claims under criminal statutes lacked merit because those statutes provided no private right of action for the conduct alleged. Id. at 8. Finally, the Magistrate Judge concluded that the Court lacked jurisdiction to hear Plaintiff's state law claims. Id. at 9-11.

Plaintiff objects to the Report and Recommendation, raising several arguments. Many of Plaintiff's Objections are premised on his belief that he should have been able to conduct discovery. These arguments, and the caselaw upon which Plaintiff relies, concern motions for summary judgment. At issue here, however, is Plaintiff's failure to plausibly state a claim for relief.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may file a motion for summary judgment "at any time until 30 days before the close of all discovery," unless the court orders otherwise. Fed. R. Civ. P. 56(b).

Dismissal for failure to state a claim, however, typically occurs before the start of discovery and concerns the allegations on the face of the complaint. A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Magistrate Judge reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Under this provision, a court should dismiss any

2

complaint or part of a complaint that fails to state a claim, among other reasons. To survive a dismissal based on failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In his Objections, Plaintiff argues that the Magistrate Judge erred in recommending dismissal and that he should have been allowed to engage broadly in discovery to inform his claims. Dkt. No. 10 at 1-2. However, "[f]acial challenges to the legal sufficiency of a claim or defense" like the one that exists here should "be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). This is because "[s]uch a dispute always presents a legal question" and "neither the parties nor the court have any need for discovery before the court rules on the motion." Id. (citations omitted). Plaintiff is obligated to file a complaint that plausibly states a claim for relief before any discovery occurs.

Plaintiff also argues the Magistrate Judge erred by not allowing limited discovery to identify John Doe Defendants prior to dismissal. Dkt. No. 10 at 1-2. The Magistrate Judge did not recommend dismissal due to Plaintiff's failure to identify John Doe Defendants. Thus, this argument is not responsive to the Magistrate Judge's Report and Recommendation. Moreover, the flaws

3

with the Complaint would still exist even if Plaintiff could identify the John Doe Defendants through discovery.

Next, Plaintiff argues that dismissal was inappropriate because he was not afforded a proper hearing to address factual disputes. Dkt. No. 10 at 2. As explained above, dismissal for failure to state a claim depends on whether the Plaintiff has alleged sufficient facts to plausibly state a claim. An evidentiary hearing would not have changed the facts alleged in Plaintiff's Complaint. Furthermore, a court is not required to permit oral argument prior to dismissing an action. See Roberts v. FNB S. of Alma, 716 F. App'x 854, 857 (11th Cir. 2017) (finding that a court is "not required to hold an oral hearing before dismissing the complaint")(citation omitted).

Plaintiff argues that the Magistrate Judge "failed to account for documented delays caused by Defendants' obstructionist tactics." Dkt. No. 10 at 2. Again, the Magistrate Judge recommended dismissal for Plaintiff's failure to state a claim in his Complaint. Plaintiff's arguments are not responsive to the Magistrate Judge's Report and Recommendation. Additionally, Plaintiff fails to explain how any delay or "tactic" by Defendants relates to the reasons the Magistrate Judge gave for dismissal. Indeed, Defendants have not even been served and have not appeared in this case.

4

Plaintiff also argues the Court "misapplies" Title VII of the Civil Rights Act, including that statute's retaliation provisions. Id. at 2-3. To demonstrate this, he submits what, in his view, constitutes additional evidence that "illustrates patterns of discriminatory treatment." Id. at 3. The Magistrate Judge recommended dismissal of Plaintiff's claims because Plaintiff did not allege any discriminatory intent and never identified any statutorily enumerated activity.[2] Dkt. No. 6 at 6-7. Plaintiff's issue is not one of evidence, but of a fatal flaw in the pleadings. Plaintiff does not identify what right he believes was violated and does not allege that any individual violated the statute with discriminatory intent. These are essential elements in a 42 U.S.C. § 1981 claim. If Plaintiff intended to allege facts under Title VII, as he appears to in his Objections, there is no factual matter in the record whatsoever that even raises an inference of employment discrimination.

---

[2] In his Objections, Plaintiff relies on Title VII of the Civil Rights Act, which exclusively considers discrimination in the employment context. 42 U.S.C. §§ 2000e-2000e-17. In the Complaint, however, Plaintiff alleged generalized discrimination by private individuals based on national origin, and none of his claims appear to be based on employment. Dkt. No. 1 at 26. Plaintiff does not allege any factual matter to support a claim of employment discrimination. From the record, it appears the Magistrate Judge liberally construed the Complaint to allege a violation of 42 U.S.C. § 1981, which prohibits, among other things, non-employment, non-governmental discrimination. Dkt. No. 6 at 6. To the extent Plaintiff does rely on Title VII, such claims would plainly fail, given the lack of any factual allegations related to employment.

Plaintiff also argues the Magistrate Judge misapplied the law regarding mail tampering, 18 U.S.C. §§ 1701-08, as well as the Computer Fraud and Abuse Act (the "CFAA"). Dkt. No. 10 at 3. In the Complaint, Plaintiff does not allege violations of mail tampering statutes. Even if he did, the statutes Plaintiff cites in his Objections are criminal statutes. As the Magistrate Judge explained in the Report and Recommendation, most criminal statutes have no private right of action, including the ones Plaintiff raises. Dkt. No. 6 at 7-9. The statutes Plaintiff alleges violations of provide no basis for civil relief.

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. The Court's January 10, 2025 Order remains the Order of this Court, and this case remains **CLOSED**. Dkt. Nos. 7, 8.

**SO ORDERED**, this __31__ day of __March__, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA