# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| CYRILLE N. KOUAMBO BECKODRO, | |
| Plaintiff, | 4:24-cv-199 |
| v. | |
| JOHN DOE 1, et al., | |
| Defendants. | |

## ORDER

Plaintiff filed a Motion to Supplement the Complaint, a Motion for Court-Ordered Investigation and Limited Discovery, and a Motion to Reconsider. Dkt. Nos. 17, 18, 19. All three motions are **DENIED**.

The Magistrate Judge issued a Report and Recommendation that the Complaint be dismissed. Dkt. No. 6. Specifically, the Magistrate Judge found that Plaintiff failed to allege sufficient facts to state a claim for relief. Id. The Court adopted the Magistrate Judge's Report and Recommendation, and the case was dismissed. Dkt. Nos. 7, 8. Plaintiff filed late Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 10. The Court considered and overruled those Objections. Dkt. No. 16.

Plaintiff now argues that he has "newly discovered evidence" pertinent to his claims. Dkt. No. 19 at 1. As such, he asks the Court to reconsider its Order dismissing the Complaint and reopen

the case based on Federal Rule of Civil Procedure 60(b). Id. Plaintiff further requests that he be allowed to supplement the Complaint with this evidence. Dkt. No. 17. Finally, Plaintiff asks the Court to order investigation and limited discovery. Dkt. No. 18.

Rule 60(b) permits the Court to relieve a party from a final judgment for six enumerated reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief under Rule 60(b)(2), Plaintiff must demonstrate that: (1) the new evidence was discovered after the judgment was entered; (2) he exercised due diligence in discovering the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was likely to produce a different result. Wortley v. Chrispus Venture Capital, LLC, 763 F.3d 1341, 1347 (11th Cir. 2014). Further, a Rule 60(b)(2) motion is an "extraordinary" one, and its requirements "must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2002).

The newly discovered evidence Plaintiff describes in his filings constitutes a string of emails that generally describe Plaintiff's experience navigating insurance waiver requirements at Georgia Southern University. Dkt. No. 17 at 18-79. Plaintiff fails to show how any of this information could be material to the

2

generalized claims of discrimination that Plaintiff asserted in the Complaint. As such, there is no indication that this information would have changed the result (dismissal for failure to state a claim) in any way. See Imperato v. Hartford Ins. Co., 803 F. App'x 229, 231 (11th Cir. 2020) ("Evidence that would not produce a new result cannot merit relief under Rule 60(b)(2)."). Plaintiff has, therefore, failed to meet his high burden under Rule 60(b)(2).

For these reasons, the Court **DENIES** Plaintiff's Rule 60(b) Motion. Dkt. No. 19. The case remains closed. Because the case remains closed and there is no basis for reopening the case, the Court **DENIES as moot** Plaintiff's Motion to Supplement and Motion for Court-Ordered Investigation and Limited Discovery. Dkt. Nos. 17, 18.

**SO ORDERED**, this 30 day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA